**Lawrence E. GARVIN, Plaintiff,**

v.

**Jack TERHUNE, et al., Defendants.**

**No. CIV. A. 01–2238(JEI).**

United States District Court,
D. New Jersey.

Aug. 24, 2001.

Lawrence E. Garvin, Bridgeton, NJ, Pro Se.

Christopher C. Josephson, D.A.G., R.J. Hughes Justice Complex, Trenton, NJ, for Defendants Jack Terhune, John Mourovic, William T. McCargo, W. Stanley Nunn, Kathryn MacFarland and Karen Balicki.

## ORDER GRANTING SUMMARY JUDGMENT TO ALL DEFENDANTS AND DENYING MOTION FOR STAY OF SUMMARY JUDGMENT PROCEEDING.

IRENAS, District Judge:

It appearing that:

1. Plaintiff, Lawrence E. Garvin, is presently incarcerated at South Woods State Prison ("SWSP") in Bridgeton, New Jersey. This action under 42 U.S.C. § 1983 names a large number of state employees and two parties, Spectrum and Nugent, who are not employed by the State of New Jersey.

2. Plaintiff alleges that he was denied reduced custody status because of his failure to participate in the Nu Way Drug Treatment Program which is modeled on the 12 step program of Alcohol Anonymous and Narcotics Anonymous. In his complaint plaintiff alleges that being compelled to participate in the Nu Way Program violated his First Amendment rights because there is a religious component to the program.

3. The state defendants move for summary judgment on the basis that the reli-

gious component was removed from the program as the result of the settlement of a law suit brought by a group of SSWP inmates in *Corker, et al. v. Terhune*, 99-0465(JEI) (*"Corker"*). This case was settled with a consent order, and as of April 1, 1999, the religious component was removed from the Nu Way Program.

4. When plaintiff first refused to participate in Nu Way, *Corker* had not yet been settled. However, plaintiff continued to refuse to participate in the program even after the *Corker* settlement. It has become clear from papers filed with the Court that plaintiff's real reason for objecting to the Nu Way Program was the belief that he is not a candidate for the program and should be not required to participate in the program. When plaintiff initially refused to participate in August, 1998, he indicated that his refusal was because he felt he did not need the treatment provided by Nu Way. (Affidavit of Jack Nugent, §§ 4 and 5).

5. Instead of filing an answer to the motion for summary judgment, plaintiff has filed for a stay pending completion of discovery pursuant to Fed.R.Civ.P. 56(f). However, in his brief he does not really challenge the assertion that his refusal to participate in the Nu Way Program was not motivated by an objection to its then religious content. On page 3 of his brief plaintiff writes:

> The gravamen of plaintiff's complaint is that he never even met the criteria to be considered a candidate for substance abuse treatment and that defendants' actions in classifying plaintiff via the Objective Classification scoring "I" override was arbitrary since it can only be utilized for inmates who qualify for participation but declines treatment.[1]

1. This same thought was contained in Paragraph 5 of a supplemental Affidavit filed by

the petitioner on August 23, 2001.

6. No discovery would be necessary for plaintiff to file an affidavit challenging the assertion that the religious component has been removed from the Nu Way Program. He does not do so. Rather he seeks discovery to prove that he is not an appropriate candidate for the Nu Way program or in need of the treatment which it offers.

■ 7. There is nothing about the Nu Way Program that is coercive or punitive, at least in a legal sense. If plaintiff participated in the program, it is clear from the records that he would be eligible for reduced status. However his refusal to participate in the program has resulted in a denial of that status. *See* Exhibit "D" to Affidavit of Carlos Villar. This Court is unaware that any provision of the Constitution is violated because a person is compelled to participate in a drug treatment program which he might not need. More importantly, a Court should be very reluctant to micro-manage the decision of prison officials with respect to the treatment or educational programs required of inmates, particularly where those programs are not coercive and do not result in a form of incarceration which is harsher than that which might be reasonably expected of any inmate. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ 8. Plaintiff seeks discovery in an affidavit to prove that he does not need the type of treatment offered by Nu Way. Even if plaintiff were able to prove this proposition by a preponderance of the evidence, it would not establish a constitutional violation. There is nothing in the record which would suggest that the program is oppressive, punitive or otherwise harsh in its consequences. Even if plaintiff is correct that he is not currently in need of this program, it could not hurt him and might even have some intangible benefits. Prison officials must and should make de-

cisions concerning the types of programs in which prisoners should participate. So long as these programs are not punitive or harsh, no constitutional issue is presented, and the Court should not micro-manage these kinds of decisions. For instance, if prison officials were to order a particular inmate to participate in an anger management seminar, it should not be up to the courts to hold full blown hearings to determine whether the prisoner really needs this training or not. These kinds of non-coercive, non-punitive programs should be left to the discretion of prison officials.

■ 9. Two of the defendants, Spectrum Behavioral Services ("Spectrum") and Jack Nugent ("Nugent"), are not state employees. If they are not state actors, there is no constitutional claim against them. However, if they are deemed state actors by reason of their involvement with the Nu Way Program, there is no basis for imposing § 1983 liability on them for the reasons stated above.

Based on the foregoing,

IT IS on this 24th day of August, 2001,

ORDERED THAT:

1. Plaintiff's motion to stay the summary judgment motion pending completion of discovery pursuant to Fed.R.Civ.P. 56(f) is hereby DENIED; and

2. The motion for summary judgment is GRANTED as to all defendants and the case is DISMISSED WITH PREJUDICE.